UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 13 |
| MARY SUE COLLINS, ) | Case Nos. 07-05238-BGC13 |
| Debtor. ) | |
| ) | |
| MARY SUE COLLINS, ) | Adv. Proc. No. 07-00231-BGC |
| Plaintiff, ) | |
| v. ) | |
| CASHCALL, ) | |
| Defendant. ) | |

## DEFENDANT CASHCALL, INC.'S ANSWER TO COMPLAINT

Defendant CashCall, Inc. ("CashCall") answers the Complaint filed by Plaintiff Mary Sue Collins ("Plaintiff") in the above-captioned adversary proceeding and admits, denies, and alleges as follows:

1. CashCall admits the allegations of paragraph 1 of the Complaint.

2. CashCall admits the allegations of paragraph 2 of the Complaint.

3. CashCall admits the allegations of paragraph 3 of the Complaint.

4. CashCall denies the allegations of paragraph 4 of the Complaint.

5. CashCall denies the allegations of paragraph 5 of the Complaint.

6. CashCall denies the allegations of paragraph 6 of the Complaint.

7. CashCall denies the allegations of paragraph 7 of the Complaint.

1

## RESPONSE TO PRAYER FOR RELIEF

With respect to Plaintiff's prayer for relief, CashCall denies that Plaintiff is entitled to any relief against CashCall in this adversary proceeding or otherwise.

## SEPARATE AND ADDITIONAL DEFENSES

As and for separate and additional defenses, and without assuming the burden of proof on the matters addressed beyond what would otherwise be required, CashCall alleges as follows:

### FIRST SEPARATE AND ADDITIONAL DEFENSE

1. The Complaint and the purported claim for relief stated therein fail to state a claim upon which relief may be granted.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

2. The Complaint fails to set forth facts sufficient to constitute a claim of relief for punitive or exemplary damages.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

3. The imposition of punitive or exemplary damages in this case would violate the due process and excessive fines clauses of the United States Constitution and would otherwise be unconstitutional.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

4. Insofar as the Complaint and the purported claim for relief stated therein seek the recovery of attorney's fees, they are barred because they fail to state facts sufficient to support a claim for attorney's fees.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

5. The Complaint and the purported claim for relief stated therein are barred because Plaintiff has not sustained any injury or damage as a result of any act or omission of CashCall.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

6. The Complaint and the purported claim for relief stated therein are barred because Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom CashCall had no control. The acts of such third parties constitute intervening or superseding causes of the damages, if any, suffered by Plaintiff.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7. The Complaint and the purported claim for relief stated therein are barred in whole or in part as a result of Plaintiff's failure to mitigate her damages, if any.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

8. The Complaint fails to set forth facts sufficient to constitute a claim of relief against CashCall because any violation of the automatic stay was not willful.

### NINTH SEPARATE AND ADDITIONAL DEFENSE

9. Certain additional defenses to the Complaint and to the purported claim for relief stated therein may be available to CashCall. However, these additional defenses require discovery before they can be properly alleged. Thus, CashCall reserves the right to assert other separate and additional defenses if and when they become appropriate in this adversary proceeding.

*[continued on next page]*

WHEREFORE, CashCall requests as follows:

A. That Plaintiff take nothing by way of her Complaint;

B. For judgment in CashCall's favor and the costs of suit incurred herein; and

C. For such other and further relief as the Court deems just and proper.

DATED: December 28, 2007

_____
Michael R. Williams (*pro hac vice application to be filed*)
Finlayson, Augustini & Williams LLP
110 Newport Center Drive, Suite 100
Newport Beach, California 92660
(949) 759-3810 (telephone)
(949) 759-3812 (facsimile)

Collins - CashCall answer

4

# CERTIFICATE OF SERVICE

I, Wendy S. Mills, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 110 Newport Center Drive, Suite 100, Newport Beach, California 92660, in said County and State. On December 28, 2007, I served the following document(s):

**DEFENDANT CASHCALL, INC.'S ANSWER TO COMPLAINT**

on the parties stated below:

> <u>Counsel for Plaintiff</u>:
> David Murphree, Esq.
> 2 North 20th Street, Suite 1150
> Birmingham, AL 35203

by the following means of service:

[X] **BY MAIL:** I placed a true copy of the above-mentioned document(s) in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit.

[ ] **BY PERSONAL SERVICE:** I provided a true copy of the above-mentioned document(s) to a messenger for personal delivery to each person named above, at the address(es) shown above, before 5:00 p.m. on the above-mentioned date.

[ ] **BY ELECTRONIC MAIL:** I caused the above-mentioned document(s) to be transmitted electronically to the e-mail address of the addressees indicated above. I am readily familiar with this firm's Microsoft Outlook electronic mail system and each such document was duly served electronically on the above-mentioned date, and the transmission was reported as complete and without error.

[ ] **BY FACSIMILE:** I caused the above-mentioned document(s) to be transmitted by facsimile machine to the parties and numbers indicated above, on the above-mentioned date, pursuant to Rule 2.306. The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine. Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is maintained by this office.

[ ] **BY UPS—NEXT DAY AIR:** I placed a true copy of the above-mentioned document(s) in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above, on the above-mentioned date, and I deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

I am employed in the office of Michael R. Williams, a member of the bar of this Court, and the foregoing document(s) was/were printed on recycled paper.

[X] **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 28, 2007.

_Wendy S. Mills_
Wendy S. Mills